### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| COREY LAMONT MCCANTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 2:07-CV-386-TS |
| ) | |
| JOHN J. WIDEUP and DAVID E. LAIN, ) | |
| ) | |
| Defendants. ) | |

**OPINION and ORDER**

Plaintiff Corey McCants submitted a complaint under 42 U.S.C. § 1983, alleging that Porter County Sheriff David Lain, Porter County Jail Warden John Widup, and United States Marshal David Murtaugh violated his federally protected rights while he was confined at the Porter County Jail. The Court screened the complaint pursuant to 28 U.S.C. § 1915A, allowed the Plaintiff to proceed against Defendants Lain and Widup on his Fourteenth Amendment claim that Porter County Jail officials consistently opened his incoming legal mail, and dismissed Marshal Murtaugh and all other claims. On May 9, 2008, Defendants Lain and Widup filed a motion to dismiss [DE 23], asserting that the Plaintiff did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the Defendants' motion goes beyond the pleadings, the Court is treating their motion to dismiss as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The Plaintiff has not responded to the motion.

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary

judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). To determine whether any genuine issue of fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c), Advisory Committee Notes, 1963 Amendments. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex*, 477 U.S. at 323. In response, the nonmoving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc*., 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598–99. If there is no genuine issue of material fact, the only question is whether the moving party is entitled to judgment as a matter of law. *Miranda v. Wis. Power & Light Co.*, 91 F.3d 1011, 1014 (7th Cir. 1996).

Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, the court must construe all facts in a light most favorable to the nonmoving party as well as view all reasonable inferences in that party's favor. *See Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000). The court must consider the evidence as a jury might, "construing the record in the light most favorable to the nonmovant and avoiding the temptation to decide which

party's version of the facts is more likely true." *Shepherd v. Slater Steels Corp.*, 168 F.3d 998, 1009 (7th Cir. 1999); *see also Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (noting often stated proposition that "summary judgment cannot be used to resolve swearing contests between litigants"). The court may not grant summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Pursuant to local rule, the Court is to assume that the facts claimed by the moving party and supported by admissible evidence are admitted to exist without controversy, except to the extent such facts are controverted in a "Statement of Genuine Issues" filed in opposition to the motion and supported by admissible evidence. N.D. Ind. L.R. 56.1(b).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wis. Dept. of Corr.*, 182 F.3d 532 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (*quoting Porter v. Nussle*, 534 U.S. 516, 122 (2002)). The comprehensive administrative exhaustion requirement does not deprive a court of subject matter jurisdiction, but it does require "dismissal of any case in which an available administrative remedy has not been exhausted." *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). Dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) should be without prejudice. *See Perez*, 182 F.3d at 534.

In support of their summary judgment motion, Defendants Laine and Widup submit the affidavit of Assistant Jail Warden Ron Gaydos (DE 24-2 at 2–3) and a copy of the Porter County Jail grievance policy (DE 24-2 at 5–13). The Defendants' submissions establish that the Porter

3

County Jail had a grievance procedure in effect while the Plaintiff has been housed there, and that the claims he presents in his complaint were grievable. Assistant Warden Gaydos states in his affidavit that the jail's records show that "Corey McCants never filed a grievance regarding the alleged opening of his legal mail." (Gaydos Aff., DE 24-2 at 2.)

Because the Defendants meet their initial obligation under Federal Rule of Civil Procedure 56, the burden falls upon the Plaintiff to come forth with sufficient evidence, if viewed as fully in his favor as reasonable, that would allow a factfinder to decide in his favor the question of whether he attempted to file grievances regarding the claims he raises in his complaint. *Celotex Corp.*, 477 U.S. at 322. The Plaintiff has not responded to the Defendants' motion despite the Defendants' May 9, 2008, Notice [DE 25] with an extensive warning, pursuant to *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992) and *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982), of the consequences of not submitting an affidavit stating facts opposing their dispositive motion. Because the Plaintiff has not come forth with admissible evidence that he pursued administrative remedies for his allegation that jail officials opened his legal mail, he has not met his burden of coming forth with sufficient evidence that, if viewed reasonably in his favor, would allow a factfinder to decide the question of exhaustion of administrative remedies in his favor.

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss [DE 23] and DISMISSES this case without prejudice pursuant to 28 U.S.C. § 1997e(a).

So ORDERED on June 23, 2008.

   s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION

4